IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RAYMOND SANCHEZ,

        Petitioner,

vs.                                                                          No. CIV 00-411 BB/LFG

JOE WILLIAMS,

       Respondent.

## **MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDED DISPOSITION[1]**

### **Findings**

1. This is a proceeding on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed March 20, 2000. Respondent filed his Answer and Motion to Dismiss on May 1, 2000. Petitioner Raymond Sanchez ("Sanchez") challenges the judgment and sentence entered by the Ninth Judicial District Court in State v. Sanchez, No. D-0911-CR-97072 (County of Roosevelt, New Mexico). Following a jury trial, Sanchez was convicted of aggravated assault with a deadly weapon and was adjudged to be a habitual criminal offender with two prior felonies.

2. Sanchez' motion for a new trial on grounds of juror bias was denied. His conviction was affirmed on appeal by the New Mexico Court of Appeals, and the New Mexico Supreme Court denied certiorari. Sanchez did not seek habeas review in state court.

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommenda-tions. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

3. Sanchez presents the following grounds for federal habeas review: (1) ineffective assistance of counsel, in that his appellate attorney stated inaccurately in the docketing statement that the knife introduced into evidence had blood on the blade; (2) his conviction was obtained by false evidence and defendant did not have the chance to cross-examine the victim at the preliminary hearing as to this evidence; (3) the trial judge was guilty of misconduct in that he said to Sanchez that he would "have the rest of you" if Sanchez ever appeared before him in the future; and (4) and prosecutorial and judicial misconduct in that the judge and district attorney pressured Sanchez's wife to accuse Sanchez of battery.

4. Respondent moves to dismiss the petition on grounds that Sanchez failed to exhaust his claims in state court, asserting that although Sanchez appealed his conviction, he raised different issues on direct appeal than those presented in this petition. Alternatively, Respondent asks that the Court dismiss the petition on the merits.

5. The Court agrees that Sanchez has not exhausted his state remedies. Sanchez raised two issues on appeal in state court: (1) whether one of the jurors on his panel was biased in that she was acquainted with Sanchez' wife; and (2) whether there was sufficient evidence to support the conviction. (Exs. E, H to Answer). None of the grounds raised in Sanchez's federal habeas petition has been presented to the state courts, either on appeal or in postconviction proceedings.

6. Under 28 U.S.C. § 2254(b)(1), a federal court may not grant a writ of habeas corpus unless it appears that the petitioner either exhausted his state remedies or no state remedies exist to protect his rights. "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1534 (10th Cir.1994).

The principle of exhaustion is based on a policy of comity between state and federal courts and requires the state prisoner "to fairly present his federal constitutional claims to the state courts before he may raise those claims in a federal habeas corpus petition." Hernandez v. Starbuck, 69 F.3d 1089, 1092 (10th Cir. 1995), *citing* Picard v. Connor, 404 U.S. 270, 92 S. Ct. 509 (1971).     7. When a habeas petitioner has failed to exhaust his state court remedies, a federal court should generally dismiss the petition without prejudice so that those remedies may be pursued, unless the state remedies are foreclosed for some reason. Demarest v. Price, 130 F.3d 922, 939 (10th Cir. 1997). In the present case, Sanchez still has available to him the state remedy of habeas corpus. His federal petition should be dismissed without prejudice, to allow him the opportunity to pursue the state remedy and to allow the state "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Picard, 404 U.S. at 275 (internal quotation marks omitted). Sanchez is advised that the one-year statute of limitations remains applicable to his federal habeas claims.

## **Recommended Disposition**

That Respondent's Motion to Dismiss [Doc. 10] be granted and the petition be dismissed without prejudice on grounds of nonexhaustion of claims.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge